IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| CINDY MOLINAR,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GAYLA PRESSET and CARBON EMERY HOUSING AUTHORITY,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION & ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT & TEMPORARILY GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>Case No.  2:25-cv-00357<br><br>**District Court Judge Tena Campbell**<br><br>**Magistrate Judge Dustin B. Pead** |

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) assignment from District Court Judge Tena Campbell.[1] Before the court is pro se Plaintiff Cindy Molinar's ("Ms. Molinar") complaint.[2] Ms. Molinar has been permitted to temporarily proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens her pleading.[3] Accordingly, the court now screens Plaintiff's complaint and reviews the sufficiency of Ms. Molinar's pleading under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Ms. Molinar to file an amended complaint no later than June 20, 2025.

---

[1] ECF No. 6, Notice of Non-Consent.

[2] ECF No. 1, Complaint.

[3] ECF No. 5, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

## BACKGROUND

Ms. Molinar's complaint names Gayla Presset and the Carbon Emery Housing Authority as defendants (collectively, "Defendants") in this action.[4] Ms. Molinar's complaint contains the following allegations as support for her claims against Defendants:

> Gayla Presset treated plaintiff with discriminatory treatment, often yelling at plaintiff, in ways no professional should ever treat others they are helping. She tried forcing plaintiff to pay Danial Foster's debt, that if she did not, she would terminate her housing voucher. She told plaintiff that if she complained or opposed her decision, that she would 'make sure criminal charges were filed against her.' Defendants treatment towards plaintiff was so bad that plaintiff had to have her ex-partner talk to Gayla for her, as she was always very sweet to him. During one of those times, defendant admitted to plaintiff's ex-partner that she was always mean to plaintiff because "she didn't like Mexicans, because where she was in high school her, boyfriend at the time left her for a Mexican girl," so she didn't like them anymore. Plaintiff told Gayla three times she was experiencing domestic violence, Dustin Scoville 2-3 times, and Cindy 2-3 times. No one offered to help. Gayla did not inform her of her rights or try to help her in any way, including bifurcating the cases, and instead terminated her voucher. Dustin embezzled $300,000.00 and Gayla did not charge him criminally (he's white). A friend, who is white, had her case bifurcated right away, against her husband, who is Hispanic.[5]

## LEGAL STANDARDS

To review Ms. Molinar's complaint under the authority of the IFP Statute, the court must consider the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted.[6] This legal standard is addressed below.

### 1. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the

---

[4] *See generally,* ECF No. 1.

[5] *Id.* at 4.

action . . . fails to state a claim on which relief may be granted."[7] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[8] Under that standard, the court "look[s] for plausibility in th[e] complaint."[9] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[10]

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[11] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[6] Fed. R. Civ. P. 12(b)(6).

[7] 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[10] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[11] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 557) (alteration in original).

statements, do not suffice."[14] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[15] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[16]

In analyzing Ms. Molinar's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[18] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19] Indeed, as the Court of Appeals for the Tenth Circuit stated,

[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

---

[14] *Id.*

[15] *Twombly,* 550 U.S. at 555.

[16] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[17] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[18] *Id.* at 1110 (citation omitted).

[19] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[20]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give [her] an opportunity to amend."[21]

## ANALYSIS

Plaintiff's complaint is subject to dismissal because she does not state a plausible claim for relief. Nonetheless, the court provides Ms. Molinar with an opportunity to amend her pleading.

**1.      Ms. Molinar's Complaint Fails to State a Plausible Claim for Relief.**

After reviewing Plaintiff's complaint, the court concludes that the factual allegations are conclusory in nature fail to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6).[22] Specifically, Ms. Molinar fails to make any specific, intelligible allegations about each Defendant's alleged actions and how they harmed her. In turn, the pleading makes reference to the actions of unknown individuals (Danial Foster, Dustin Scoville and "Cindy") who are not identified or named as parties and to indecipherable events that make it nearly impossible for Defendants to understand and respond to the complaint.[23] Ms. Molinar alleges violations of the

---

[20] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[21] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[22] Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).

[23] *Robertson v. New Mexico,* 2025 U.S. Dist. LEXIS 43642, at *7 (D.N.M. Mar. 10, 2025) (internal

Civil Rights Act, Violence Against Women Act and the Eighth Amendment, but does not provide sufficient allegations to state any claims upon which relief can be granted.[24] As a result, Ms. Molinar's complaint should be dismissed for failure to state a plausible claim. However, as discussed below, the court permits Ms. Molinar to amend her complaint.

**2.      The Court Permits Ms. Molinar to Amend Her Complaint.**

Based upon the foregoing analysis, Ms. Molinar's complaint fails to state a plausible claim for relief. Yet dismissal is proper only "if it is obvious that [she] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[25] Accordingly, the court affords Ms. Molinar an opportunity to amend her complaint. Plaintiff may be able to cure these deficiencies with adequate allegations in an amended complaint. Therefore, the court orders Ms. Molinar to submit an amended complaint by June 20, 2025. The court will then address whether Ms. Molinar's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

---

citation and quotation omitted) ("A complaint that is nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies, which fails to plainly and concisely state the claims asserted, and fails to give the dates and places of the alleged events of which plaintiff complaint, falls short of the liberal and minimal standards set out in Rule 8(a).")

[24] *Bellmon,* 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

[25] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

## **CONCLUSION AND ORDER**

The court ORDERS as follows:

1. Ms. Molinar is ordered to file an amended complaint by June 20, 2025. The words "Amended Complaint" should appear in the caption of the documents.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915 and DUCivR 3-2(b).

3. Ms. Molinar's failure to file an amended complaint may result in dismissal of this action.

4. Ms. Molinar's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[26]

    IT IS SO ORDERED

    DATED this 30th day of May 2025.

    BY THE COURT

    _____
    DUSTIN B. PEAD
    Magistrate Judge
    United States District Court

---

[26] ECF No. 2.